■ RICHARDS, FAGONE & ASSOCIATES, INC., Respondent, v. CENTER STAGE STORES, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered January 3, 1974 in Albany County, which denied defendant's motion to vacate the default judgment entered in the above-entitled action. Plaintiff brought this action to recover $26,020.40 allegedly due it from the defendant for the performance of various advertising services. The summons and complaint were served on the defendant by service upon the Secretary of State on July 27, 1973, at which time service became "complete" pursuant to section 306 of the Business Corporation Law. The president of the defendant corporation asserts that the summons and complaint were not received by employees of the defendant corporation until August 2 or 3 and that the papers were first brought to his attention during the week of August 12. Believing that his 30 days to answer ran from the date when the corporation received the summons and complaint, he waited until August 24 to attempt to reach his attorney. He was unsuccessful in contacting counsel until August 28, 1973, after his time to appear and answer had expired. Default judgment was entered in favor of the plaintiff on that same date. On August 29 defendant moved to vacate the judgment, alleging that its default was the result of excusable neglect. On numerous occasions default judgments have been opened when they resulted from honest mistakes or ignorance of a rule of law. Since under most circumstances, the courts will refuse to open default judgments only when they have been rendered after an extended delay or when the default was inten-

tional or deliberate, the defendant's argument of excusable neglect has merit. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.04.) Judgment was entered only one day after the defendant's time to answer expired, and defendant's affidavit reveals a good faith attempt to contact his attorney. We therefore conclude that defendant's conduct constituted excusable neglect. The question of whether the defendant has shown a meritorious defense is more troublesome. In his affidavit, defendant's president alleges that some of the items set forth in the complaint as unpaid have been paid, that many of the services billed have not been performed and that the manner of performance of some of the services has resulted in damage to the defendant. Defendant further indicates that the total of the items alleged as unpaid in plaintiff's schedule is $41,423.79 while the complaint itself demands only $26,020.40. In view of these facts, we find some merit in defendant's excuse that the primary reason for not affixing a proposed answer was that, not knowing what the plaintiff claimed, the defendant could not determine what to dispute, and as a result it could not prepare an answer which would satisfy the requirements of CPLR 3016 (subd. [f]). In effect, then, defendant, can be deemed to have raised a challenge to the sufficiency of the complaint, which on the facts of this case is acceptable in lieu of an answer (see *Callahan Hydraulics* v. *Mechanical Man Car Wash Mfg. Co.*, 43 A D 2d 896). For the above reasons, we conclude that in the interests of justice the decision of Special Term should be reversed and defendant's motion to open the default judgment should be granted. However, defendant is required to post a bond or other security in the amount of $30,000 to secure any judgment that might be rendered against it. Accordingly, the defendant is hereby granted a further period of 10 days to either file an answer or make a proper motion addressed to the complaint. Order reversed, on the facts, without costs, and motion to vacate default judgment granted on the conditions that defendant, within 10 days after service of a copy of the order to be entered hereon, deposit with the court a bond or other undertaking securing any judgment which may ultimately be obtained by plaintiff against defendant in the sum of $30,000, and file an answer or move against the complaint. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.